HOSPITAL FUNDS — OPERATIONAL LOSS Money stolen from Central State Hospital may not be treated as an operational loss which would entitle the hospital to make a claim to the Budget Office for the amount of the loss. The Attorney General has had under consideration your request for an opinion in which you ask, in effect: "In a recent hospital robbery certain money was stolen from revolving fund receipts. Those receipts consisted of government and personal checks which, by law, are designated as hospital funds to reimburse the hospital for the patients' upkeep. May the stolen moneys be treated as an operational loss entitling the hospital to make a claim to the Budget Office for the amount of the loss?" The suggestion that the stolen money be treated as an operational loss presupposes that you have determined that the money is uncollectible; and is therefore in the nature of an uncollectible asset or an unconnectible item. Whether termed an uncollectible asset or an uncollectible item, what is involved is money owing to the State which for one reason or another cannot be collected. Title 74 O.S. 214 [74-214] (1971) provides in part as follows: "It shall be the duty of the State Examiner and Inspector to prescribe a uniform system of bookkeeping for the use of all treasurers, so as to afford a suitable check on their mutual acts and insure a thorough inspection, and the safety of the state and county funds. He shall have full authority to prescribe a system of bookkeeping for all county officers and expose false and erroneous systems of accounting, and when necessary instruct or cause to be instructed the state and county officers in the proper mode of keeping the accounts. . . ." (Emphasis added) In construing said Section 74 O.S. 214 [74-214] (1971), the following was stated in an opinion of the Attorney General dated August 30, 1962: "It is believed that by authority of the above statutory provisions (same being enacted in conformity with Article 10, Section 30 of our State Constitution), the State Examiner and Inspector has the power to prescribe a system of bookkeeping under which a State Board, Agency, Commission or Institution could discontinue carrying as assets accounts which it deemed to be worthless, and to carry such accounts under a designation, such as 'uncollectible assets,' revealing the true character thereof. The Attorney General is, therefore, of the opinion that when acting in compliance with such a prescribed system of bookkeeping, a State Board, etc., finds or is of the opinion that certain accounts owing thereto by individuals or corporations, by some other State Board, etc., or by a county, city or town, are worthless and cannot be collected, said State Board, etc., may discontinue carrying said accounts as assets, so long as the same would continue to be carried on some other record thereof, as aforesaid." No authority can be found for treating the stolen money as an operational loss entitling Central State Hospital to make a claim to the Budget Office for the amount of the loss. In accordance with the above quoted Attorney General's Opinion however, it may be possible to utilize an account designation such as "uncollectible assets", provided that approval is obtained from the State Examiner and Inspector who possesses the authority to instruct state boards, commissions and agencies in the proper mode of keeping accounts pursuant to 74 O.S. 214 [74-214] (1971). Article V, Section 53 of the Oklahoma Constitution provides in relevant part as follows: ". . . The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liabilities, or obligations of any corporation or individual, to this State, or any county or other municipal corporation thereof." (Emphasis added) Article V, Section 53 of the Oklahoma Constitution prohibits the releasing or extinguishing of indebtedness but does not, however, prohibit the charging off of uncollectible accounts. The mere charging off of the uncollectible accounts for accounting purposes does not in and of itself release or extinguish the indebtedness. See Attorney General Opinion No. 67-191. It is, therefore, the opinion of the Attorney General that your question be answered in the negative in that money stolen from Central State Hospital may not be treated as an operational loss which would entitle the hospital to make a claim to the Budget Office for the amount of the loss. (Allen K. Harris)